UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                    Chapter 7

Anthony Paradiso,                                              Case No. 10-40185

    Debtor.                                                      Hon. Phillip J. Shefferly
_____/

### ORDER DENYING MOTION TO REOPEN CHAPTER 7 CASE

On January 15, 2013, Montgomery Bank, NA ("Montgomery") filed a motion (docket entry no. 72) to reopen this closed Chapter 7 case. The Court has determined to deny the motion for the reasons set forth in this order.

The Debtor filed this Chapter 7 case on January 5, 2010. On May 17, 2010, the Court entered a discharge. On February 28, 2011, the Chapter 7 Trustee filed a final account and distribution report certifying that the estate has been fully administered (docket entry no. 71). The Trustee's final account and distribution report described the administration of assets by the Trustee, showed the distribution of proceeds of such assets, and listed the Debtor's scheduled property that was to be abandoned upon closing the case pursuant to § 554(c) of the Bankruptcy Code. Included on the Trustee's report in the list of assets to be abandoned were "Certificates of Deposit with Montgomery Bank" which were shown as having a scheduled value of $100,000.00. The Debtor's Chapter 7 case was then closed on March 1, 2011.

On January 15, 2013, Montgomery filed its motion to reopen this case. The motion alleges that Montgomery holds the certificates of deposit and has a right to offset them against accounts that the Debtor previously had with Montgomery. The motion further alleges that Montgomery has

received correspondence from Comerica Bank in which Comerica Bank asserts that it holds a security interest in the certificates of deposit. Montgomery's motion requests the Court to reopen this Chapter 7 case pursuant to § 350(b) of the Bankruptcy Code to permit Montgomery to file an adversary proceeding against Comerica Bank for a declaratory judgment with respect to Montgomery's rights in the certificates of deposit.

Section 350(b) of the Bankruptcy Code provides that a case may be reopened after it has been closed "to administer assets, to accord relief to the debtor, or for other cause." Montgomery's motion to reopen does not request the Court to reopen the case to have the Trustee administer the certificates of deposit. The certificates of deposit are not property of the estate and were abandoned by the Trustee pursuant to § 554(c) of the Bankruptcy Code when the case was closed. Montgomery's motion also does not ask to have the case reopened to accord relief to the Debtor. Instead, Montgomery's motion asserts that there is "other cause" to reopen this case, consisting of the dispute that has arisen between Montgomery and Comerica Bank with respect to their rights relative to one another in the certificates of deposit. Montgomery asserts that if the case is reopened, then it will file an adversary proceeding against Comerica Bank to adjudicate this dispute.

Montgomery's motion does not explain why this Court would have subject matter jurisdiction over a dispute between two non-debtors, Montgomery and Comerica Bank, regarding their relative rights in property that is not property of this bankruptcy estate. Nor does Montgomery's motion explain how an adjudication by this Court of Montgomery's and Comerica Bank's rights in the certificates of deposit can possibly have any effect on the administration of the estate in this case, which has already been concluded by the Trustee. An adjudication of the dispute between Montgomery and Comerica Bank will simply determine which of these two non-debtors

-2-

10-40185-pjs    Doc 74    Filed 02/08/13    Entered 02/11/13 06:41:42    Page 2 of 3

will be entitled to certain non-estate property, the certificates of deposit, and will have no effect upon the administration of this estate. It is hard to see how the Bankruptcy Court would have subject matter jurisdiction over the adversary proceeding that Montgomery intends to file against Comerica Bank. In these circumstances, the Court concludes that there is no "cause" to reopen this case under § 350(b) of the Bankruptcy Code. Accordingly,

**IT IS HEREBY ORDERED** that Montgomery's motion to reopen this case is denied.

.

**Signed on February 08, 2013**

                                               **/s/ Phillip J. Shefferly**
                                              **Phillip J. Shefferly**
                                              **United States Bankruptcy Judge**